1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIKONGO HAKIM-AKBAR JONES (aka Fredrick Jones),<br><br>                         Plaintiff,<br><br>          v.<br><br>CA MENS COLONY, et al.,<br><br>                         Defendants. | Case No. 2:20-cv-08704-VAP-AFM<br><br>**ORDER TO PAY THE FILING FEE OR SHOW CAUSE PURSUANT TO 28 U.S.C. § 1915(g)** |

Plaintiff, a state prisoner presently held at the Salinas Valley State Prison in Soledad, California, filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on September 22, 2020.  Plaintiff did not prepay the filing fee and filed a request to proceed *in forma pauperis* ("IFP Request").  The allegations of the Complaint deal with the time during which plaintiff was a prisoner at the California Men's Colony in San Luis Obispo, California.

A review of past civil actions filed by plaintiff in the Eastern District of California reflects that plaintiff is subject to the provisions of 28 U.S.C. § 1915(g). Pursuant to § 1915(g), a prisoner may not "bring a civil action or appeal a judgment in a civil action or proceeding" without prepayment of the filing fee "if the prisoner

has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  Such dismissal is deemed a "strike."

The Ninth Circuit has held that the phrase "fails to state a claim on which relief may be granted" as used in § 1915, parallels the language of Fed. R. Civ. P. 12(b)(6) and carries the same interpretation; that the word "frivolous" refers to a case that is "of little weight or importance: having no basis in law or fact"; and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" *See Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (explaining the terms used in § 1915(g)); *see also Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (defining when a case is frivolous, malicious, or duplicative).  In addition, the Ninth Circuit has held that the prior denial of IFP status on the basis of frivolity or failure to state a claim constitutes a strike for purposes of § 1915(g).  *See O'Neal v. Price*, 531 F.3d 1146, 1153-54 (9th Cir. 2008) (also stating that a dismissal without prejudice may count as a strike).  Further, a dismissal may constitute a strike for failure to state a claim if it is obvious from the face of the pleading that the claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), and the entire action is dismissed for a reason that qualifies as a strike under § 1915(g).  *Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048, 1055 (9th Cir. 2016) (holding that "a dismissal may constitute a PLRA strike . . . when *Heck*'s bar to relief is obvious from the face of the complaint, and the entirety of the complaint is dismissed for a qualifying reason under the PLRA").  Further, appellate affirmances do not count as strikes when the appeal affirms the decision of the district court, but an appeal will count as a separate strike if the appellate court "expressly states that the appeal itself was frivolous, malicious or failed to state a claim." *El-Shaddai v. Zamora*, 833 F.3d 1036, 1045-46 (9th Cir. 2016).

Once plaintiff has accumulated three strikes, he is prohibited from pursuing any subsequent civil action without prepayment of the filing fee, unless he makes a showing that he faced "imminent danger of serious physical injury" based on the "circumstances at the time of the filing of the complaint." *Andrews v. Cervantes*, 493 F.3d 1047, 1052-53, 1056-57 (9th Cir. 2007).

The Ninth Circuit has also held that, pursuant to the language of the statute and other relevant definitions of "prisoner," "a court may screen a complaint pursuant to 28 U.S.C. §1915A only if, at the time the plaintiff files the complaint, he is 'incarcerated or detained in any facility [because he] is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.'" *Olivas v. Nev. ex rel. Dep't of Corr.*, 856 F.3d 1281, 1284 (9th Cir. 2017) (alteration in original). This definition of "prisoner" applies to § 1915. *See Page v. Torrey*, 201 F.3d 1136, 1139-40 (9th Cir. 2000).

In light of the foregoing standards, the Court takes judicial notice of the following prior civil actions filed by plaintiff in the Eastern District of California that qualify as strikes for purposes of § 1915(g). Plaintiff suffered his first strike for purposes of § 1915(g) on November 9, 2005, when the Eastern District of California dismissed *Jones v. Vento*, Case No. 1:04-cv-05802 OWW DLB P (E.D. Cal.) for failure to state a claim. Plaintiff suffered a second strike on March 28, 2007, when *Jones v. California Forensics Medical Group*, Case No. 1:04-cv-05218 LJO DLB PC (E.D. Cal.) was dismissed for failure to state a claim. Plaintiff suffered a third strike on June 26, 2012, when the court dismissed *Jones v. California Supreme Court*, Case No. 2:11-cv-3048 LKK GGH P (E.D. Cal.) both for failure to state a claim and as frivolous. Subsequent cases have recognized that plaintiff has incurred three strikes for purposes of § 1915(g) in revoking or denying plaintiff's IFP status. *See Hussein v. McDonald*, Case No. 2:08-cv-03097 GEB EFB (E.D. Cal. Aug. 1, 2012);

3

*Hakim Ali-Akbar v. McDonald*, No. 2:13-cv-0285 TLN DAD P (E.D. Cal. Apr. 17, 2014).[1]

Because plaintiff had already accumulated three strikes before he initiated this action, he is precluded from proceeding IFP unless he can show that, at the time this action was initiated, he was "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The availability of the "imminent danger" exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *See Andrews*, 493 F.3d at 1053 (emphasis added). A plaintiff "bears the ultimate burden of persuading the court that § 1915(g) does not preclude IFP status." *Richey v. Dahne*, 807 F.3d 1202, 1206 (9th Cir. 2015). Here, plaintiff was detained at the Salinas Valley State Prison when he initiated this action, but plaintiff does not name as defendants any officials from that prison. Instead, the defendants are from the California Men's Colony, and all of the Complaint's allegations address actions and conditions that plaintiff faced when incarcerated at the California Men's Colony. Indeed, even the complaint's conclusory allegation of imminent danger references only "what occurred at CA Mens Colony by that administrative staff . . . ." (ECF No. 1 at 2.) Accordingly, nothing in the factual allegations in the Complaint raises a reasonable inference that plaintiff faced "imminent danger of serious physical injury" at the time that he initiated this action as a prisoner at the Salinas Valley State Prison. 28 U.S.C. § 1915(g).

IT THEREFORE IS ORDERED that, on or before **January 24, 2021**, plaintiff shall pay the filing fee in this action, or he shall show cause in writing why he should not be denied leave to proceed IFP and why this action should not be dismissed

///

///

---

[1]  Plaintiff's given name is Fredrick Jones, but he also uses the names Hakeem Abdullah Hussein, Hakim Ali-Akbar, Hakim Akbar-Jones, and Kikongo Hakim Akbar Jones.

4

pursuant to 28 U.S.C. § 1915(g).  Failure to comply with this Order will be deemed by the Court as plaintiff's consent to the dismissal of this action.

IT IS SO ORDERED.

DATED:  December 21, 2020

_____
VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE